UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DR. STEPHANIE CATO

                            Plaintiff,

                                          INDEX#:

        -against-                                **COMPLAINT AND**
                                                    **JURY DEMAND**

IMAGES COSMETIC SURGERY, A CORPORATION
HAVING A PLACE OF BUSINESS AT 8396 SW 8TH
STREET, MIAMI, FL 33144; JANE AND JOHN DOE 1 –
10 SAID NAMES BEING FICTITIOUS AND ARE
INTENDED TO REPRESENT THE BOARD MEMBERS,
OFFICERS, AND OR AGENTS OF IMAGES
COSMETIC SURGERY,

                                          Defendant.
-------------------------------------------------------------------------- X

    PLAINTIFF, DR. STEPHANIE CATO, by and through her undersigned attorneys, The Law Office of Audrey Thomas, PLLC, hereby alleges as follows, with all allegations being made upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff Stephanie Cato (Plaintiff hereinafter) brings this action against Defendants, Images Cosmetic Surgery, and Jane and John Does 1-10, (collectively, the "Defendants" hereinafter) for Fraud, Breach of Contract, Intentional Infliction of Emotional Distress and other causes of action.

## PARTIES

2. Plaintiff, is a natural person, domiciled in Bronx County, State of New York.

3. Defendant Images Cosmetic Surgery, is a Corporation that is incorporated under the laws of the State of Florida and has its primary place of business in the State of Florida.

4. Defendants Jane and John Does 1-10 whose names are fictitious, are intended to represent the officers, board members and or any other person(s) who have an interest in

Images Comestic Surgery.

## VENUE AND JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to diversity of citizen jurisdiction under 28 U.S.C. § 1332. For purposes of diversity of citizenship jurisdiction, Plaintiff lives and is domiciled in the State of New York, and the amount in controversy well exceeds the statutory limit, exclusive of interest and costs, and Defendants are citizens of Florida.

6. This Court has subject matter jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367. 5.

7. Venue in this Court is proper under 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District and/or because Plaintiff lives in Bronx County, which is in the Southern Judicial District.

## FACTUAL BACKGROUND SUMMARY OF FACTUAL BACKGROUND

8. Plaintiff, Dr. Stephanie Cato, wanted to have plastic surgery in or about 2016.

9. In furtherance of this, Plaintiff did extensive research on the subject matter and eventually decided on employing the services of Dr. Sergio Alvarez, M.D.

10. Plaintiff learned that Dr. Sergio Alvarez, M.D. was working in the employ of Images Cosmetic Surgery in Miami Florida.

11. Plaintiff entered into a contract with Defendants to have the plastic surgery performed by Dr. Sergio Alvarez, MD.

12. In furtherance of the contract, Plaintiff paid $5,100.00 to Defendants.

13. The surgery was scheduled for on or about December 19, 2016 at 8396 SW 8th Street, Miami FL and was to be performed by Dr. Sergio Alvarez, M.D.

14. Plaintiff purchased a ticket and traveled to Miami from New York.

15. Plaintiff stayed at a hotel.

16. Plaintiff also paid the travel, lodging, meals and other expenses associated with the surgery and after care.

17. Prior to traveling to Miami for the surgery, the Plaintiff's doctor, namely, Dr. William Kalafatic of 1041 East 163rd Street, Bronx, NY 10459, sent all pertinent documents pertinent to the surgery to Defendants.

18. On or about the 17th day of December 2016, the Plaintiff met with Dr. Sergio Alvarez, MD in person, and during that meeting, Dr. Sergio Alvarez, MD, cancelled the surgery.

19. Dr. Alvarez, informed Plaintiff that the surgery could not be performed because Plaintiff is dangerously overweight, that he will not do the surgery because Plaintiff will not make it out alive and patient safety is his number one priority.

20. Plaintiff adhered to the doctor's advice and did not undergo the surgery and opted to return to New York.

21. However, Plaintiff stayed in Miami FL for approximately 10 days as the trip and accommodations were paid in full and was not refundable.

22. During the 10 days, Plaintiff tried unsuccessfully to secure answers from Defendants.

23. Defendants knew or should have known that Plaintiff could not proceed to surgery and therefore should not have scheduled Plaintiff for December 19, 2016.

24. Plaintiff demanded a refund and such demand was refused.

25. Defendants wanted Plaintiff to take responsibility for the surgery being cancelled and Plaintiff refused.

26. Defendants did offer to have another doctor perform the surgery on the same day that Dr.

Alvarez refused to perform the surgery.

27. Plaintiff refused because Plaintiff did not want to die.

28. Plaintiff informed Defendants that Dr. Alvarez was the doctor she wanted to perform the surgery and ultimately Plaintiff would not go against Dr. Alvarez's advice.

29. Although Plaintiff has made several demands for a refund, Defendants have refused.

30. Plaintiff hired an attorney to pursue this issue and said attorney has charged $425.00 per hour, with an initial retainer fee of $2500.00.

31. Plaintiff would not have incurred the legal fees, and costs associated with pursuing this matter in court if Defendants did not refuse to return the money to Plaintiff.

32. The contract the parties entered into states clearly and concisely that the Plaintiff is entitled to a refund and despite this, Defendants have refused to refund the fees.

33. Plaintiff called the Defendant to no avail and each time Plaintiff calls, Defendants answer the telephone and then place Plaintiff on hold and never return to answer the call.

34. The Plaintiff emailed, sent letters and took other steps to compel performance by Defendant and each effort was ignored.

35. The Plaintiff has incurred expenses that will far exceed the statutory limit here.

36. The Plaintiff needs counseling long term to deal with the fact that Plaintiff cannot sleep, has pondered repeatedly if her race or body type, has something to do with the way in which defendants have treated Plaintiff; Plaintiff is depressed and often wonders why despite the fact that she holds a Ph.D., she is still being victimized so blatantly.

## **RELEVANT STATUTES**

37. Plaintiff seek damages as follows:

    a) Economic damages,

      b) Compensatory damages (including emotional distress damages),

      c) Punitive damages, Liquidated damages, and

      d) Attorney fees.

38. Plaintiff maintains that the causes of actions set forth below herein are sustainable under all of the statutes discussed above herein.

39. The Plaintiff is empowered under the statutory laws in this State to be placed in the same position in which they would have been in if the discrimination, bad acts and omissions, did not occur.

40. It is submitted that Plaintiff is entitled to economic damages, as these are these are the most objective measure of damages.

41. Plaintiff could not mitigate the damages because Plaintiff became depressed and frustrated, by the horrible treatment of Defendants against Plaintiff's interest.

42. Plaintiffs seek compensatory damages for the losses such as out-of-pocket expenses caused by the Defendants' acts and or omissions, and any and all emotional harm suffered by Plaintiffs, namely, mental anguish, inconvenience, and or loss of enjoyment of life.

43. Plaintiff is prepared to submit documentary and testimonial evidence of significant emotional distress at trial, that would establish that the claims being pursued here stem from more substantial harm or more offensive conduct, and can be supported by medical testimony and evidence, evidence of treatment by a mental healthcare professional and/or medication, and or testimony from other, corroborating witnesses.

44. It is submitted that the facts outlined above herein support a finding that the conduct complained of led to egregious emotional distress, in that the behavior by Defendants was outrageous or shocking conduct and such conduct had a significant impact on the Plaintiff's

physical and emotional health.

45. Plaintiff has experienced and continues to experience feelings of humiliation, and felt degraded and demeaned by the conduct of the Defendants.

46. Plaintiff was not able to sleep, suffered loss of appetite, stopped caring for plaintiff's appearance and was easily agitated.

47. Plaintiff has not been seeing anyone for counseling but wants to do so and wants Defendants to pay for the cost of her counseling.

48. It is submitted that Punitive Damages are warranted here to punish the Defendants and to deter future similar actions by defendants and others similarly situated as defendants as the conduct complained of constitutes malicious and or reckless acts that are not justified or consented to.

49. Plaintiff is entitled to punitive damages because the defendants' conduct is reprehensible.

50. The concept of attorney's fee is to encourage Plaintiffs to bring meritorious suits by providing Plaintiffs with a source of funds for retaining competent counsel.

## AS AND FOR A FIRST CAUSE OF ACTION
### Breach of Contract

51. Plaintiff repeats and re-alleges each and every allegation hereinabove as if fully set forth in paragraphs 1-50 as if asserted herein.

52. Based on the aforementioned facts and circumstances, Defendants breached their agreement with Plaintiff, in that, the refusal to refund the monies paid, is in direct breach of the terms and condition of the facts outlined in the contract.

53. Both parties signed the contract and therefore both parties are bound by the terms of the contract.

54. As a result of the foregoing, Plaintiff is entitled to actual damages in an amount to be

determined at trial, but believes to be in excess of $20,000.00 plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

### AS AND FOR A SECOND CAUSE OF ACTION
### Fraudulent misrepresentation

55. Plaintiff repeats and re-alleges each and every allegation hereinabove as if fully set forth in paragraphs 1-54 as if asserted herein.

56. At various times and places partially enumerated above, the Defendants did also intentionally misrepresent material facts to Plaintiff, namely, Defendants assured Plaintiff that Defendant reviewed the medical records forwarded to Defendant by Plaintiff's doctor from New York and thus assured Plaintiff that her body mass index was appropriate and posed no impediment to surgery.

57. Defendants knew or should have known that these statements were false and more importantly that Dr. Alvarez would not perform the surgery based on Plaintiff's body mass index.

58. But for Defendants' misrepresentation, Plaintiff would not have booked a hotel, plane fares, paid for a care giver, and or engaged in other behavior that was to further the convenience of the surgery.

59. That Defendant tried to switch Dr. Alvarez for another doctor at the last minute constitute fraud and misrepresentation as Plaintiff made it very clear to Defendants that Plaintiff chose their facility as Plaintiff wanted Dr. Alvarez to perform her surgery.

60. As discussed more fully above, Plaintiff relied on these misrepresentations, and was harmed by her reliance on the Defendants' misrepresentations.

61. The Defendants also knew that Plaintiff would rely upon their various intentional misrepresentations, and Plaintiff , unaware of the Defendants' well calculated and executed

plans, relied on their intentional misrepresentations to her detriment, and suffered significant damages due to her reliance on their intentional misrepresentations.

62. Further, as Defendants conspired with one another in their fraudulent misrepresentations, those Defendants acted with actual malice involving an intentional wrongdoing, and/or their conduct amounted to a wanton, willful or reckless disregard of Plaintiff's rights.

63. Accordingly, Plaintiff is entitled to treble damages and punitive damages in an amount to be determined at trial.

64. As a result of the foregoing, Plaintiff is entitled to actual damages in an amount to be determined at trial, but believed to be in excess of the statutorily prescribed, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements, and to punitive damages and treble damages in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
### Civil conspiracy to Defraud

65. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs 1 – 64 above as if asserted herein.

66. At various times and places partially enumerated above, all Defendants did also intentionally conspire to defraud Plaintiff through a corrupt agreement between two or more persons, as more specifically described above, and committed a number of overt acts, as more specifically described above, in furtherance of that agreement, with those Defendants' intentional participation in the furtherance of a plan or purpose to defraud Plaintiff, which conspiracy did in fact defraud Plaintiff, thus resulting in damages to Plaintiff.

67. Moreover, all Defendants had an awareness of the effects in New York of their activities to defraud Plaintiff, the activity of the co-conspirator Defendants in New York was to the

benefit of the out-of-state conspirators, and the co-conspirator Defendants acting in New York acted on behalf of the out-of-state Defendants.

68. That as a result of this conspiracy, Plaintiff took unpaid leave from work approximately 10 days and was not paid for such days off and Defendants knew or should have known that Plaintiff would have taken time off from work to facilitate travel to Miami.

69. As a result of the foregoing, Plaintiff is entitled to actual damages in an amount to be determined at trial, but believed to be in excess of the statutory limits relevant here.

70. As a result of the foregoing, Plaintiff is entitled to actual damages in an amount to be determined at trial, but believes to be in an amount not fully ascertainable at this time.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

71. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "70" of the complaint with the same force and effect as if set forth at this point.

72. Plaintiff has suffered damages as a direct and proximate result of the unlawful conduct, acts and omissions complained of above herein and, continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

73. That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

74. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "73" of the complaint with the same force and effect as if set forth at this point.

75. Plaintiff has suffered damages as a direct and proximate result of the negligent acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

76. That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (ATTORNEY'S FEES)

77. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "75" of the complaint with the same force and effect as if set forth at this point.

78. Plaintiff has incurred attorney's fees and has suffered damages as a direct and proximate result of the unlawful, acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

79. That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## DAMAGES

80. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "78" of the complaint with the same force and effect as if set forth at this point.

81. Plaintiff is seeking punitive damages against Defendant.

82. Plaintiff is seeking compensatory damages against Defendant.

83. Plaintiff is seeking actual damages against Defendant.

84. Plaintiff is seeking incidental damages against Defendant.

85. Plaintiff is seeking attorney's fees, cost and disbursements in litigating this matter.

86. Plaintiff can recover punitive damages in the instant action because punitive or exemplary damages may be awarded where the defendant's conduct amounts to such gross, wanton or willful fraud, dishonesty, or malicious wrongdoing as to involve a high degree of moral culpability, making it appropriate to deter the defendants from engaging in similar conduct in the future and to induce the victim to take action against the wrongdoer," Whitney v. Citibank, N.A., 782 F.2d 1106, 1118 (2d Cir. 1986) (citing Walker v. Sheldon, 10 N.Y.2d 401, 404–05 [1961]).

87. Here the courts should grant punitive damages as a means of punishing Defendants for their actions which are "morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant, and to deter such future conduct by Defendant, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future," Seynaeve v. Hudson Moving & Storage, Inc., 261 A.D.2d 168, 169 (1st Dept. 1999) (quoting Walker v. Sheldon, 10 N.Y.2d 401, 404 [1961]).

88. Plaintiff maintains that punitive damages are appropriate here because Defendant's conduct was intentionally harmful conduct, willfully or wantonly negligent and or reckless. Fordham-Coleman v. Nat'l Fuel Gas Distribution Corp., 42 A.D.3d 106, 113, 834 NYS.2d 422, 428 (4th Dept. 2007).

89. The punitive damages being sought here are recoverable because Defendants acted with the degree of malice akin to the mens rea required for most crimes. Jeffries v. Harleston, 21 F.3d 1238, 1249, cert. granted, vacated on other grounds, 513 U.S. 996 (1994).

90. While punitive damage is not a separate cause of action, it is well settled that Plaintiff can

recover punitive damages here upon establishing the underlying claims outlined in the causes of action. In re Pfohl Bros. Landfill Litig., 26 F.Supp.2d 512, 548 vacated Freier v. Westinghouse Elec. Corp., 303 F.3d 176 (WDNY 1998).

91. Plaintiff concedes that punitive damages are never awarded as of right, no matter how egregious defendant's conduct, In re Simon II Litigation, 211 FRD 86, 162 (EDNY 2002), vacated, Simon II Litig. v. Philip Morris USA Inc. (In re Simon II Litig.), 407 F.3d 125 (2d Cir. 2005).

92. Plaintiff maintains that even if plaintiff suffers only minimal damage, willful and intentional misconduct may be basis for award of punitive damages, In re Baker, 18 B.R. 243, 245 (Bankr. WDNY 1982)

93. In addition, Plaintiff concedes that the courts have made it clear that punitive damages are generally not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights, Garrity v. Lyle Stuart, Inc., 40 N.Y.2d 354, 358 (1976).

94. Nor may they be recovered for an isolated breach of contract even if it is willful and without justification, Campo v. 1st Nationwide Bank, 857 F.Supp. 264, 273 (EDNY 1994). Punitive damages may be awarded in a tort action arising from the parties contractual relationship if the plaintiff demonstrates; (1) that the defendant's conduct is actionable as independent tort; (2) the tortious conduct is of an egregious nature; (3) the egregious conduct is directed toward the plaintiff; (4) the defendant's conduct is part of a pattern directed at the public generally.  Conocophillips v. 261 E. Merrick Rd. Corp., 428 F.Supp.2d 111, 129 (EDNY 2006).

95. New York law provides that fraudulent conduct may give rise to punitive damages;

however, mere fraud is insufficient to support a claim of punitive damages. Evil and reprehensible motives are still required. Solutia Inc. v. FMC Corp., 456 F.Supp.2d 429, 453 reconsideration denied (SDNY 2006).

96. Here, Plaintiff can recover punitive damages for emotional distress, because the Plaintiff has shown that defendant engaged in extreme or outrageous conduct which intentionally or recklessly caused severe emotional distress to plaintiff.

97. Here, Defendant's conduct was not merely incidental to proper business motives and thus the damages being sought are appropriate. O'Dell v. New York Prop. Ins. Underwriting Assn., 145 A.D.2d 791, 792, 535 NYS.2d 777, 779 (3d Dept. 1988).

98. All of the damages being sought above herein are based upon the causes of actions being pursued herein, and are based on the unlawful acts and/or omissions by Defendants which are the direct and proximate cause/result of the damages Plaintiffs now complain of and form the basis of the causes of action being pursued by Plaintiffs against Defendant.

## PLAINTIFF(S) DEMAND A TRIAL BY JURY

99. Plaintiff(s) hereby demand a trial by jury in this action.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff(s) pray for judgment against Defendant(s) and asks this Court to award:

100. As and for the First Cause of Action, actual damages in an amount to be determined at trial, but believed to be in excess of $20,000.00, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

101. As and for the Second Cause of Action, actual damages in an amount to be determined at trial, but believed to be in excess of the relevant statutory limits relevant here plus

prejudgment interest, attorneys' fees, expenses, costs and disbursements, and to punitive damages and treble damages in an amount to be determined at trial. 155.

102. As and for the Third Cause of Action, actual damages in an amount to be determined at trial, but believed to be an amount not fully ascertainable at this time, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

103. As and for the Fourth Cause of Action, actual damages in an amount to be determined at trial, but believed to be in an amount not fully ascertainable at this time, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

104. As and for the Fifth Cause of Action, actual damages in an amount to be determined at trial, but believed to be in an amount not fully ascertainable at this time, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

105. In addition, because Defendants acted with conscious and deliberate disregard of Plaintiff's rights and with the malicious intent to cause harm to plaintiff, it is submitted that the Plaintiff is entitled to punitive damages in an amount to be determined at trial but believed to be an amount not fully ascertainable at this time.

106. As and for the Sixth Cause of Action, actual damages in an amount to be determined at trial, but believed to be an amount not fully ascertainable at this time, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

107. In addition, because Defendants acted with conscious and deliberate disregard of Plaintiff's rights and with the malicious intent to cause harm to plaintiff, it is submitted that the Plaintiff is entitled to punitive damages in an amount to be determined at trial but believed to be an amount not fully ascertainable at this time.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:    Queens County, New York
          September 7, 2018

Yours, etc.,

/s/ *Audrey A. Thomas, Esq.*

AUDREY A. THOMAS, ESQ.
THE LAW OFFICE OF AUDREY THOMAS PLLC
ATTORNEYS FOR PLAINTIFF
245-07 FRANCIS LEWIS BLVD
ROSEDALE, NY 11422
718-276-2729 (PH) 718-276-0196(FX)
audreythomasesq@gmail.com

_____
By: AUDREY A. THOMAS, (4050548)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
DR. STEPHANIE CATO

                        Plaintiff,

                                                                           INDEX#:

        -against-

IMAGES COSMETIC SURGERY, A CORPORATION HAVING A PLACE OF BUSINESS AT 8396 SW 8TH STREET, MIAMI, FL 33144; JANE AND JOHN DOE 1 – 10 SAID NAMES BEING FICTITIOUS AND ARE INTENDED TO REPRESENT THE BOARD MEMBERS, OFFICERS, AND OR AGENTS OF IMAGES COSMETIC SURGERY,

                                 Defendant.
------------------------------------------------------------------------ X

## **VERIFICATION**

      I, DR. STEPHANIE CATO, am the Plaintiff in the above captioned case, and I make this verification in this matter. I make this verification based on my own personal knowledge, and based on my interactions with the Defendants, and my review of the file I maintain in this matter. As to the matters alleged herein, I verify that upon information and belief they are true to the best of my knowledge.

Dated:  Queens, NY
         September 7, 2018

                                      Respectfully submitted,

                                       _____
                                       DR. STEPHANIE CATO, PLAINTIFF

SWORN TO BEFORE ME
THIS 7TH Day of September 2018

_____
AUDREY A.THOMAS, ESQ. NOTARY
ID#:  02TH6083252 EXP:  12/18/2018
QUEENS, NY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
DR. STEPHANIE CATO

         Plaintiff,

                   INDEX#:

  -against-             **CERTIFICATE OF MERIT**


IMAGES COSMETIC SURGERY, A CORPORATION
HAVING A PLACE OF BUSINESS AT 8396 SW 8TH
STREET, MIAMI, FL 33144; JANE AND JOHN DOE 1 –
10 SAID NAMES BEING FICTITIOUS AND ARE
INTENDED TO REPRESENT THE BOARD MEMBERS,
OFFICERS, AND OR AGENTS OF IMAGES
COSMETIC SURGERY,
            Defendant.
------------------------------------------------------------------------ X

WE, THE LAW OFFICE OF AUDREY THOMAS, PLLC, PLAINTIFF'S ATTORNEYS IN THIS ACTION, HAVE CONSULTED WITH AT LEAST ONE DOCTOR WHO IS KNOWLEDGEABLE ON THE RELEVANT ISSUE AND HAVE CONCLUDED THAT THERE IS A REASONABLE BASIS FOR THE COMMENCEMENT OF THIS ACTION.

Pursuant to CPLR 3012-a, we affirm this Certificate of Merit under penalties of perjury.

Dated: Queens, NY
    September 7, 2018

Yours, etc.,
*/s/ AUDREY A. THOMAS, ESQ.*
THE LAW OFFICE OF AUDREY THOMAS PLLC
*Attorneys for Plaintiff*
245-07 FRANCIS LEWIS BLVD
ROSEDALE, NY 11422
718-276-2729 (PH) 718-276-0196(FX)
audreythomasesq@gmail.com
_____
By: AUDREY A. THOMAS, (4050548)